**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE YAMAGIWA, et al.,<br><br>               Plaintiff,<br><br>   v.<br><br>CITY OF HALF MOON BAY, COASTSIDE COUNTY WATER DISTRICT, et al.,<br><br>               Defendant, | CASE C 05-4149 VRW<br><br>**CASE MANAGEMENT ORDER.**<br>[Civil LR 16 and FRCP 16] |

     Counsel for the parties in the above-entitled action appeared on February 14, 2006 for a Case Management Conference, pursuant Civil LR 16 and FRCP 16.

     As a result of the case management conference, it was determined that:

ALTERNATIVE DISPUTE RESOLUTION (ADR)

     ADR waived until further order of court.

     PRIVILEGE AND WORK PRODUCT CLAIMS.  No generalized claims of privilege or work product protection shall be permitted.  With respect to each communication for which a claim of privilege or work product is made, the asserting party must at the time of its assertion identify:  (a) persons making and receiving the privileged or protected communication, (b) steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication, (c) date of the communication and (d) subject matter of the communication.  Failure to furnish this information at the time of the assertion will be deemed a waiver of the privilege or protection.

1      DISCOVERY CUT-OFF:   All discovery, shall be completed and all responses to
2 interrogatories and discovery requests shall be served by   *November 17, 2006*

3      EXPERT DISCLOSURE:   No expert testimony will be permitted unless the party offering
4 the expert testimony has complied with the following:

5      On or before *October 13, 2006*, each party must serve upon all other parties a complete
6 statement of all opinions or inferences to which the witness is expected to testify and all facts or
7 data upon which the expert relied in forming these opinions or inferences, FRE 705, together with
8 any writings, recordings or photographs used by the expert opinion witness and a list of all other
9 legal proceedings in which the witness has given testimony or a sworn statement during the
10 preceding five years.

11      Experts will be bound by the opinions and inferences expressed in their statements and will
12 not be permitted to offer new matter at trial.  Discovery from experts shall be taken by deposition
13 only and must be concluded by *January 19, 2007*

14      MEETING AFTER DISCOVERY.  Prior to the discovery cut-off, the parties or their
15 counsel shall meet and confer in good faith to clarify and narrow the issues for trial, arrive at
16 stipulations of fact, simplify and shorten the presentation of proof at trial, and explore possible
17 settlement.

18      **A.  CONFERENCE BEFORE TRIAL OR EVIDENTIARY HEARING**.

19      The court will conduct a Pretrial Conference on **Tuesday, April 3, 2007  at 9:00 a.m.  in**
20 **Courtroom No. 6**.  This conference shall be attended by counsel who will try the case.  Counsel
21 shall comply with all aspects of Civil LR 16-9, LR16-10.

22      Not less than ten days before the conference, the following matters shall be accomplished:

23           a. Trial memoranda.  Counsel shall file a joint pretrial conference statement

24           b. Jury cases.  In cases to be tried to a jury, each party shall serve all others
25 proposed jury instructions on all substantive issues and on any other points not covered by the
26 court's standard instructions, which may be found in the Ninth Circuit Manual of Model Jury
27 Instructions.  Instructions shall be brief, clear, written in plain English, free of argument, and shall
28 be organized in logical fashion so as to aid jury comprehension.  Standard or form instructions, if
used, must be revised to address the particular facts and issues of this case.

*United States District Court*
For the Northern District of California

   c. Non-jury cases. In non-jury cases, each party shall serve all others proposed findings of fact on all material issues. Findings shall be brief, clear, written in plain English and free of pejorative language, conclusions and argument.

   d. Exhibits. Each party shall serve all others one set of all exhibits, charts, schedules, summaries and diagrams and other similar documentary materials to be used at the trial, together with a complete list of all such exhibits . Voluminous exhibits shall be redacted by elimination of irrelevant portions or use of summaries. FRE 1006. Each item shall be premarked using the form of mark (sample of exhibits label attached) ; generally, exhibits of a plaintiff with numbers, exhibits of a defendant with letters. If there is more than one party on a side, each party's exhibits shall be designated to indicate the party on whose behalf the exhibit is offered.

   No exhibits, including damage exhibits, which have not been provided as required by this paragraph will be received at trial.

   Counsel shall retain copies of their respective exhibits until the conclusion of all proceedings, including appeals and other post-trial proceedings.

   e. Witnesses. Each party shall serve all others a statement identifying all persons who the party may call as witnesses and summarizing their testimony. No witnesses not included in the statement will be permitted to testify at trial and the testimony of each witness will be limited to the matter set forth in the statement.

   In non-jury cases, unless otherwise ordered, the statement of testimony shall be used in lieu of direct testimony for each witness under that party's control (i.e., who will appear without subpoena). Each statement shall be marked as an exhibit and be in form suitable to be received into evidence.

   In jury cases, unless otherwise ordered, each party shall serve all others a summary of the witness's proposed testimony and a copy of each writing, photograph or recording the witness is expected to propound.

   f. Designation of discovery excerpts. Each party expecting to use discovery excerpts as part of its case in chief shall serve and lodge with the court a statement identifying (1) by witness and page and line, all deposition testimony and (2) by number and filing date, all interrogatory answers and requests for admission to be used as part of its direct case. Each

3

1  interrogatory answer intended to be offered as an exhibit shall be copied separately and marked as
2  an exhibit.
3          g. No other pretrial papers, are required without further order of the court.
4        The following matters shall be accomplished no later than ten days prior to the
5  pretrial conference:
6          a. Objections to evidence.  Each party anticipating making an objection to any
7  testimony or exhibits expected to be offered, or wishing to make a motion in limine, shall file and
8  serve a statement briefly identifying each item objected to and the ground for the objection.
9  Response to motions in limine or objections to evidence shall be filed and served five days before
10 the pretrial conference.
11         b. Jury voir dire and verdict forms.  Each party shall submit proposed questions for
12 jury voir dire and a proposed form of verdict.
13       <u>TRIAL DATE</u>.  Trial before the jury is set to begin on **Monday, April 30, 2007 at**
14 **8:30 a.m.**  Opening statements are limited to 30 minutes; closing arguments to 45 minutes.
15       <u>COPIES</u>.  Each document filed or lodged with the court must be accompanied by a
16 copy for use in the judge's chambers.
17 In addition, one copy of the witness and exhibit list should be provided to the court reporter.
18       <u>TRANSCRIPTS</u>.  If transcripts will be requested during or immediately after the
19 trial, arrangements must be made with the court reporter at least one week before trial commences.
20   **B. <u>OTHER MATTERS</u>.**
21    <u>MOTIONS</u>.   Dispositive Motions hearing is scheduled on **Thursday, March 8, 2007  at**
22 **2:00 p.m.**  Motions dispositive of any claim, issue or party may be filed at any time in accordance
23 with Civil LR 7. Each party filing or opposing a motion shall also serve and file a proposed order
24 which sets forth the relief or action sought and the rationale of decision, including citation of
25 authority, that the party requests the court to adopt.
26    <u>DISCOVERY DISPUTES</u>.  The court will not entertain formal motions to compel discovery
27 without prior leave of court.  Discovery disputes should be brought to the court's attention by:  (1)
28 telephone conference with the court and all parties scheduled by the court, or (2) letter not
   exceeding <u>two</u> pages, with copies served on all parties, and advising the court that a dispute exists

4

and its nature. The court prefers any such telephone conference to be reported, but will proceed without a court reporter with the parties' consent.

SANCTIONS. Failure to comply with this order is cause for sanctions under FRCP 16(f).

VAUGHN R. WALKER
United States District Chief Judge

Procedure for Presentation
Direct Testimony by Written Statement
(**For Bench Trials before the Honorable Vaughn R Walker**)

In bench trials the Court expects counsel to prepare and exchange a narrative written statement for each witness whose direct testimony will involve considerable expository matter but no significant issues of credibility.  These witness statements shall be used at trial in accordance with the following:

Form of statement.  For each witness whose direct testimony will be presented in statement form, counsel shall prepare a statement setting forth in declaratory form all of the facts to which that witness will testify.  The facts shall be stated in narrative form, not by question and answer.  The statement shall contain all of that witness's direct testimony so that a person reading it will know all of the relevant facts to which the witness would testify.  It shall not be sworn or notarized.

Use of statements.  At the trial, each witness whose direct testimony has previously been submitted in statement form shall take the stand and under oath shall adopt the statement as true and correct.  The party offering that witness shall then offer the statement as an exhibit, subject to appropriate objections by the opposing party on which the Court will then rule.

The witness will then be allowed to supplement his/her statement by any additional live direct testimony considered necessary by counsel.

Thereafter cross-examination shall proceed in the ordinary course, followed by redirect, etc.

Exceptions to use of statements.  Statements will be required of the parties and others under their control, such as employees, contractors, experts, associates, etc.  They are not to be used for adverse parties or for persons whose attendance is compelled by subpoena.

Exhibits.  Documents to be offered as exhibits shall not be attached to witness statements but shall be pre-marked and exchanged along with other proposed exhibits in the usual fashion.

Schedule for exchange of statements.  Ordinarily, witness statements will be exchanged one week in advance of the pretrial conference.  The court will set dates for the serving and filing of witness statements in connection with the pretrial schedule.

Guidelines for Preparation of Jury Instructions
(**For Jury Trials before the Honorable Vaughn R Walker**)

The purpose of jury instructions is to inform jurors of the legal principles they must apply in deciding the case. It is essential, therefore, that instructions be written and organized so that they will be understood by the jurors. To this end counsel are requested to follow these guidelines in preparing jury instructions.

The Court has prepared standard procedural instructions for civil and criminal cases which can be found in the Ninth Circuit Manual of Model Jury Instructions. Counsel may request revisions, additions or deletions in the standard instructions appropriate for the case. There will ordinarily be no need, however, to submit procedural instructions.

Substantive instructions should be submitted as directed by the order for pretrial preparation. Counsel may submit both preliminary instructions and instructions to be given at the close of the case. Verbatim copies of Devitt & Blackmar or other pattern instructions will ordinarily not be accepted. Instructions should be drafted for the particular case. This means that their text will be confined to what the jury needs to decide that case.

Instructions should be organized so as to state, first, the essential elements of the offense, claim or defense, followed by explanation or clarification of each element as needed in light of the facts of the case. Commonly, the explanation will give the jury the relevant factors to be considered.

The instructions as a whole should be organized into a logical sequence conforming to the analytical approach the jury should take to the case. It is well to explain this organization to the jury in the instructions and to provide transitional statements.

If the instructions cover controversial points of law, those should be discussed, with citation of authorities, in a brief accompanying memorandum.

In drafting instructions, counsel should follow these guidelines:

(1) Instructions should be an accurate statement of the law;

(2) Instructions should be as brief and concise as practicable;

(3) Instructions should be understandable to the average juror;

(4) Instructions should be neutral, unslanted and free of argument.

Counsel should avoid submitting formula instructions, statements of abstract principles of law (even if taken from appellate opinions), lengthy recitations of the parties' contentions, additional cautionary instructions (unless clearly required), and instructions on permissible or prohibited inferences (this will normally be left to closing argument).

**United States District Court**
For the Northern District of California

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Case Number:

PLTF / DEFT EXHIBIT
NO._____
DateAdmitted:_____
By:_____

----

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Case Number:

PLTF / DEFT EXHIBIT
NO._____
DateAdmitted:_____
By:_____

----

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Case Number:

PLTF / DEFT EXHIBIT
NO._____
DateAdmitted:_____
By:_____

----

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Case Number:

PLTF / DEFT EXHIBIT
NO._____
DateAdmitted:_____
By:_____

----

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Case Number:

PLTF / DEFT EXHIBIT
NO._____
DateAdmitted:_____
By:_____

----

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Case Number:

PLTF / DEFT EXHIBIT
NO._____
DateAdmitted:_____
By:_____

----

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Case Number:

PLTF / DEFT EXHIBIT
NO._____
DateAdmitted:_____
By:_____

----

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Case Number:

PLTF / DEFT EXHIBIT
NO._____
DateAdmitted:_____
By:_____

----

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Case Number:

PLTF / DEFT EXHIBIT
NO._____
DateAdmitted:_____
By:_____