DAVID W. SKINNER, SBN: 146285
dskinner@meyersnave.com
AMRIT S. KULKARNI, SBN: 202786
akulkarni@meyersnave.com
EDWARD GRUTZMACHER, SBN: 228649
egrutzmacher@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

RICK W. JARVIS, SBN: 154479
rjarvis@jarvisfay.com
JARVIS, FAY & DOPORTO, LLP
475 14th Street, Suite 260
Oakland, CA 94612
Telephone: (510) 238-1400
Facsimile: (510) 238-1404

Attorneys for Defendant
CITY OF HALF MOON BAY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE YAMAGIWA, Trustee of the Trust Created Under Trust Agreement dated January 30, 1980, by Charles J. Keenan, III and Anne Marie Keenan, for the benefit of Charles J. Keenan IV, as to an undivided 50% interest, and Trustee of the Trust Created Under Trust Agreement dated January 30, 1980, by Charles J. Keenan III and Anne Marie Keenan for the Benefit of Ann Marie Keenan, as to an undivided 50% interest,<br><br>Plaintiff,<br>v.<br><br>CITY OF HALF MOON BAY, COASTSIDE COUNTY WATER DISTRICT and DOES 1-50,<br>Defendants. | Case No.: C 05-04149 VRW<br><br>**NOTICE AND ADMINISTRATIVE MOTION FOR LEAVE TO EXCEED PAGE LIMITS FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION BRIEFING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; STIPULATION OF ALL PARTIES; [Proposed] ORDER**<br><br>**Civil L.R. 7-4; 7-11; 7-12**<br><br>Trial Date:         April 30, 2007<br>Complaint Filed:  September 8, 2005<br>Action Removed: October 13, 2005 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant City of Half Moon Bay will and does, move this Court for an Order pursuant to Stipulation to extend the applicable page limits for briefing on defendant's Motion for Summary Judgment as well as plaintiff Joyce Yamagiwa's Motion for Summary Adjudication. The City asks for an extension of the page limits as follows: for Plaintiff's Motion for Summary Adjudication, 35 pages for the Opening Brief, 35 pages for the Opposition Brief, and 20 pages for the Reply Brief; for Defendant's Motion for Summary Judgment, 35 pages for the Opening Brief, 35 pages for the Opposition Brief, and 20 pages for the Reply Brief.

This motion and the accompanying signed Stipulation of all parties are made on the grounds that good cause exists to exceed the briefing page limits due to the lengthy factual history, extensive litigation history, and complex legal issues presented by this case. This motion is based supported by Local Rule 7-11 which authorizes this Court to grant leave to file Motions exceeding the 25 page limit; and no party will be prejudiced by a grant of this motion.

Dated: February 1, 2007        Respectfully submitted,

MEYERS, NAVE, RIBACK, SILVER & WILSON

By: _____
EDWARD GRUTZMACHER
Attorneys for Defendant
CITY OF HALF MOON BAY

# MEMORANDUM OF POINTS AND AUTHORITIES

Local Civil Rule 7-4 requires that all opening briefs in support of motions, as well as opposition briefs be limited to 25 pages, while reply briefs be limited to 15 pages. Local Civil Rule 7-11, however, authorizes this Court to extend the page limits for briefing on motions upon an Administrative Motion. Defendant City of Half Moon Bay and plaintiff Joyce Yamagiwa, trustee, have stipulated to an increase in the page limits for briefing on plaintiff's motion for summary adjudication and defendant's Motion for Summary Judgment as set forth in the attached stipulation.

Good cause exists for granting this motion. This case involves a factual history extending over a thirty-year period, which includes litigation between the parties over the last six years. In addition to the length of the history between the parties, over the years both parties have produced large volumes of documents including scientific reports, records of administrative decisions before the City as well as other government agencies, and a multitude of letters, photographs, charts, maps, and other documents related to the property and to the causes of action brought by plaintiff. There is also an extensive litigation history between the two parties involving decisions in California courts at both the superior court and appellate court levels. Moreover, the claims brought by plaintiff are complex, involving claims for inverse condemnation under both the United States and California Constitutions, trespass and nuisance claims under California law, as well as claims to recover money paid into assessment districts under California law.

Given the lengthy history, the large volume of relevant documents, and the complexity of the claims at issue in this case, the parties do not believe that the standard page limits will be sufficient to adequately present the claims and defenses in this case to the Court. Consequently, the parties respectfully request that the Court grant this motion to extend the page limits as follows: for Plaintiff's Motion for

Summary Adjudication, 35 pages for the Opening Brief, 35 pages for the Opposition Brief, and 20 pages for the Reply Brief; for Defendant's Motion for Summary Judgment, 35 pages for the Opening Brief, 35 pages for the Opposition Brief, and 20 pages for the Reply Brief.

Dated: February 1, 2007

Respectfully submitted,

MEYERS, NAVE, RIBACK, SILVER & WILSON

By: _____
EDWARD GRUTZMACHER
Attorneys for Defendant
CITY OF HALF MOON BAY

STIPULATION AND [Proposed] ORDER

WHEREAS Counsel for plaintiff Joyce Yamagiwa, Trustee, and defendant City of Half Moon Bay have agreed that there is a need for additional pages to prepare briefing for Plaintiff's Motion for Summary Adjudication and Defendant's Motion for Summary Judgment.

Now, THEREFORE, the parties do stipulate and agree to extend the page limits as follows: for Plaintiff's Motion for Summary Adjudication -- 35 pages for the Opening Brief, 35 pages for the Opposition Brief, and 20 pages for the Reply Brief; for Defendant's Motion for Summary Judgment -- 35 pages for the Opening Brief, 35 pages for the Opposition Brief, and 20 pages for the Reply Brief. This stipulation in no way effects the time for filing or service of any brief, or any other procedural requirements.

Dated: February 1, 2007

MEYERS, NAVE, RIBACK, SILVER & WILSON

By: _____
EDWARD GRUTZMACHER
Attorneys for Defendant
CITY OF HALF MOON BAY

Dated: January 31, 2007

MANATT, PHELPS & PHILLIPS, LLP

By: _____
KISU LAM
Attorneys for Plaintiff
JOYCE YAMAGIWA, TRUSTEE

PURSUANT TO STIPULATION IT IS SO ORDERED:

Dated: February 2, 2007

GRANTED
Judge Vaughn R Walker
UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

931529_1

**PROOF OF SERVICE**

I, the undersigned, declare:

I am a citizen of the United States and employed in the County of Alameda. I am over the age of eighteen years and not a party to the within entitled action; my business address is Meyers, Nave, Riback, Silver & Wilson, 555 12th Street, Suite 1500, Oakland, CA 94607.

On February 1, 2007, I caused to be served the following documents: **NOTICE AND ADMINISTRATIVE MOTION TO EXCEED PAGE LIMITS FOR SUMMARY JUDGMENT MOTION BRIEFING, STIPULATION OF ALL PARTIES AND PROPOSED ORDER** on the parties in this action by placing a true copy thereof in a sealed envelope, each envelope addressed as follows:

Ed Burg
Kisu Lam, Esq.
Manatt, Phelps & Phillips
11355 W. Olympic Blvd.
Los Angeles, CA 90064
Telephone: 310/ 312-4000
Facsimile: 310/ 996-6974

Anne E. Mudge, Esq.
Cox, Castle & Nicholson, LLP
555 Montgomery Street
San Francisco, CA 94111
Telephone: 415/ 262-5107
Facsimile: 415/ 392-4250

(X)  **(BY FIRST CLASS MAIL)** I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Oakland, California. I am readily familiar with the business practice for collection and processing of mail in this office; and that in the ordinary course of business said document would be deposited with the U.S. Postal Service in Oakland on that same day. I understand that service shall be presumed invalid upon motion of a party served if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this declaration.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on February 1, 2007, at Oakland, California.

_____
Cyndee Sauceda