United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE YAMAGIWA, TRUSTEE OF THE TRUST CREATED UNDER TRUST AGREEMENT DATED JANUARY 30, 1980 BY CHARLES J KEENAN, III AND ANNE MARIE KENNAN, FOR THE BENEFIT OF CHARLES J KEENAN IV, AS TO AN UNDIVIDED 50% INTEREST, AND TRUSTEE OF THE TRUST CREATED UNDER TRUST AGREEMENT DATED JANUARY 30, 1980, BY CHARLES J KEENAN III AND ANNE MARIE KEENAN FOR THE BENEFIT OF ANN MARIE KEENAN, AS TO AN UNDIVIDED 50% INTEREST,<br><br>      Plaintiff,<br><br>  V<br><br>CITY OF HALF MOON BAY, COASTSIDE COUNTY WATER DISTRICT AND DOES 1-50,<br><br>      Defendants.<br>_____/ | No   C 05-4149 VRW<br><br>ORDER |

      Joyce Yamagiwa ("Yamagiwa"), brought this action alleging that defendant City of Half Moon Bay ("City") damaged certain real property that she holds in trust. Doc #1-2. Yamagiwa brought a

federal claim for inverse condemnation under the Fifth Amendment of the United States Constitution and pendent state claims for inverse condemnation, nuisance, trespass and recovery of amounts paid to finance public improvements. Id. The action was filed in San Mateo superior court on September 8, 2005. On October 13, 2005, the City removed the action to this court under 28 USC § 1441(b) on the basis of Yamagiwa's Fifth Amendment claim. Doc #1. The case was tried before this court without a jury on June 6, 7 and July 2, 3, 5, 6, 9, 11 and 12. Doc ##173-175, 177, 179, 181, 186-188.

In an order entered September 18, 2007, the court noted that Yamagiwa did not address her federal claim for inverse condemndation in her post-trial papers. Doc #205. The court set a schedule for Yamagiwa to serve and file supplemental memoranda on her federal claim and for the City to respond. Id. Those papers are now complete. Doc ##206, 207.

In its supplemental memoranda on Yamagiwa's federal claim, the City argues for the first time that the case should be remanded to San Mateo superior court for lack of subject matter jurisdiction. Specifically, the City argues that Yamagiwa's federal takings claim is unripe because Yamagiwa has not yet sought compensation for the alleged taking by exhausting California's inverse condemnation procedures in state court as purportedly required by <u>Williamson County Regional Planning Commission v Hamilton Bank</u>, 473 US 172 (1985) and <u>Cassettari v Nevada County, California</u>, 824 F2d 735 (9th Cir 1987).

\\

\\

\\

Given the suggestion that jurisdiction is lacking, Yamagiwa is ORDERED to serve and file supplemental memoranda on or before November 2, 2007 addressing whether this court has subject matter jurisdiction to resolve this action. The City may respond on or before November 9, 2007.

IT IS SO ORDERED.

/s/ Vaughn R Walker

**VAUGHN R WALKER**

**United States District Chief Judge**