UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE YAMAGIWA, Trustee of The Trust Created Under Trust Agreement dated January 30, 1980, by Charles J. Keenan III and Anne Marie Keenan, for the benefit of Charles J. Keenan IV, as to an undivided 50% interest, and Trustee of The Trust Created Under Trust Agreement dated January 30, 1980, by Charles J. Keenan III and Anne Marie Keenan for the benefit of Ann Marie Keenan, as to an undivided 50% interest,<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY OF HALF MOON BAY; COASTSIDE COUNTY WATER DISTRICT; and DOES 1-50,<br><br>        Defendants. | Case No.  C05-04149 VRW<br><br>(United States District Chief Judge Vaughn R. Walker)<br><br>**[PROPOSED] JUDGMENT**<br><br><br><br>Trial Date: June 6, 2007<br>Place:     Courtroom 6, 17th Floor |

# JUDGMENT

This action came on for trial by the court commencing on June 6, 2007. Edward G. Burg and Kathrin A. Wanner of Manatt, Phelps & Phillips appeared for plaintiff Joyce Yamagiwa, Trustee of the Trust Created Under Trust Agreement Dated January 30, 1980 by Charles J. Keenan III and Anne Marie Keenan, for the benefit of Charles J. Keenan IV, as to an Undivided 50% Interest, and Trustee of the Trust Created Under Trust Agreement Dated January 30, 1980, by Charles J. Keenan III and Anne Marie Keenan for the benefit of Ann Marie Keenan, as to an Undivided 50% Interest (hereinafter "Yamagiwa, Trustee").  David W. Skinner and J. Leah Castella of Meyers, Nave, Riback, Silver & Wilson appeared for defendant City of Half Moon Bay (hereinafter "the City").  The court having heard and reviewed the evidence received at trial; and having reviewed the arguments and briefs submitted by counsel during and after trial; and having issued its Findings of Facts and Conclusions of Law on November 28, 2007 (Doc. #211), Judgment pursuant to Fed. R. Civ. Proc. 58 is hereby entered as follows:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Plaintiff Yamagiwa, Trustee, shall recover from defendant City the sum of $36,795,000.

2. Plaintiff Yamagiwa, Trustee, is entitled to permanent injunctive relief as follows:

   a. This injunction concerns the real property commonly known as Beachwood, San Mateo County Assessor's Parcel No. 048-280-020, legally described as:

   > The land situated in the State of California, County of San Mateo, City of Half Moon Bay described as follows:

BEGINNING at a 2 inch by 4 inch redwood stake marked "R" standing the Northeasterly line of the County Road leading from Half Moon Bay to Amesport said point of beginning being South 40° 30' East 13.94 chains distant along the said Northeasterly line of the said County Road from the most Southerly corner of the 200 acre tract of land the property of the C.S. Bernal Estate; and running thence on and along the said Northeasterly line of the said County Road, South 40° 30" East 8.73 chains to a 2 inch by 4 inch redwood stake marked "T"; thence leaving said line of said road and running North 41° East 31.14 chains to a 2 inch by 4 inch redwood stake marked "T" standing in this Southwesterly line of the 118.67 acre tract of land known as the James Mahon Tract, property of Antone George; thence North 51° West 8.64 chains on and along the said Southwesterly line of the said James Mahon Tract, to a 2 inch by 4 inch redwood stake marked "R"; said stake being South 51° East 13.40 chains distant along the Southwesterly line of the said James Mahon Tract from the most Westerly corner thereof; thence South 41° West 29.51 chains to the point of beginning.

EXCEPTING THEREFROM that portion conveyed to the State of California, being more particularly described as follows:

COMMENCING at the most Westerly corner of Lot 1 in Block 1 as said lot and block are shown on the map entitled, "MAP OF NEWPORT TERRACE TRACT, HALF MOON BAY, SAN MATEO COUNTY, CALIFORNIA", filed in the office of the County Recorder of San Mateo County, State of California, on January 3, 1906 in Book "C" of Maps at page 57; thence along the Northwesterly line of said Lot and the extension thereof North 42° 49' 12" East 114.34 feet to a line parallel with and distant 80 feet Northeasterly at right angles, from the "C1" line of the Department of Public works' Survey for the State Highway in San Mateo County between 0.2 Mile North of Canada Verde Creek and Frenchman's Creek, Road IV-SM-56-C; thence along said parallel line North 38° 34' 20" West 576.34 feet to a point on the property line common to the lands, now or formerly of Joseph DeBeneditti Estate Company, a corporation, and of Vicent J. Cozzolino, et al, said point being at coordinates Y = 360,639.11 feet and X = 1,438,164.56 feet and being distant North 42° 49' 12" East 80.91 feet from Engineer's Station 452 + 54.36 on the said "C1" line; thence along said common property line South 42° 49' 12" West 115.44 feet to the Northeasterly line of the County Road between Half Moon Bay and Amesport; thence along last said line South 38° 40' 48" East 576.18 feet to the point of commencement.

> Coordinates, bearings and distances used in the above description are on the California Coordinates System, Zone 3.

A.P. No.: 048-280-020

    b.  The City (or any other person or entity acting as a collection agent for the City) shall be permanently enjoined from collecting from Yamagiwa any future payments due for Sanitary Sewer Project 1994-1 applicable to Beachwood, San Mateo County Assessor's Parcel No. 048-280-020, beginning with the payment due by December 10, 2007.  (Such payments appear on the Beachwood property tax bills as "HMB Swr Tr Plant B.")

    c.  The City (or any other person or entity acting on behalf of the City) shall be permanently enjoined from taking any action against Yamagiwa or the Beachwood Property, including but not limited to initiating collection activities or foreclosure proceedings, for her failure to pay any such future sewer assessments.

    d.  The City shall advise the San Mateo County Tax Collector in writing (with a copy to Yamagiwa) of the injunctive relief granted herein.

    e.  This injunctive relief shall begin with the property tax installment payment due on December 10, 2007, and shall remain in effect until the monetary judgment herein against the City is satisfied in full.  Once the monetary judgment is satisfied in full, Yamagiwa shall execute a grant deed for the Beachwood Property to the City, and the City shall accept and record the deed for the Beachwood Property, free of cost to Yamagiwa.  Once title to Beachwood has transferred to the City, the injunctive relief to Yamagiwa will no longer be necessary, and shall terminate without further order of the Court.  The Court reserves jurisdiction to enforce or handle any issues associated with the injunctive relief granted.

  3.  Plaintiff Yamagiwa, Trustee, shall recover from defendant City pre-judgment interest from June 6, 2007 through the date of entry of this Judgment in the amount of $_____$.

  4.  Plaintiff Yamagiwa, Trustee's right to recover additional sums (if any) for attorneys' fees and expenses shall be determined on motion to be filed pursuant to ¶ 383 of the court's Findings of Fact and Conclusions of Law.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

5. Plaintiff Yamagiwa, Trustee, shall recover from defendant City post-judgment interest from the date of entry of Judgment until the date this Judgment is paid in full, pursuant to 40 U.S.C. § 3116, compounded annually.

6. The court reserves jurisdiction to enforce or handle any issues associated with the monetary relief awarded in this Judgment.

Pursuant to Fed. R. Civ. Pro. 58(a)(2)(B)(ii), the Court hereby approves the form of the Judgment set forth above and directs the clerk to promptly enter the Judgment.

_____
VAUGHN R. WALKER
United States District Chief Judge

Dated at San Francisco, California this ____ day of _____, 2007.

_____
CLERK OF THE COURT

41183003.1

4

[Proposed] Judgment

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES