**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOYCE YAMAGIWA, TRUSTEE OF THE
TRUST CREATED UNDER TRUST
AGREEMENT DATED JANUARY 30, 1980
BY CHARLES J KEENAN, III AND ANNE
MARIE KENNAN, FOR THE BENEFIT OF
CHARLES J KEENAN IV, AS TO AN
UNDIVIDED 50% INTEREST, AND
TRUSTEE OF THE TRUST CREATED
UNDER TRUST AGREEMENT DATED
JANUARY 30, 1980, BY CHARLES J
KEENAN III AND ANNE MARIE KEENAN
FOR THE BENEFIT OF ANN MARIE
KEENAN, AS TO AN UNDIVIDED 50%
INTEREST,

    Plaintiff,

  v

CITY OF HALF MOON BAY, COASTSIDE
COUNTY WATER DISTRICT AND DOES 1-
50,

    Defendants.

_____/

No C 05-4149 VRW

ORDER

On November 28, 2007, the court entered its Findings of Fact and Conclusions of Law in the above-captioned case. Doc #211. On December 11, 2007, Joyce Yamagiwa ("Yamagiwa") filed a proposed judgment, and the court invited objections from the City of Half Moon Bay ("City"). On December 17, 2007, the City filed an objection to Yamagiwa's request for pre-judgment interest. The City does not object to Yamagiwa's claim for post-judgment interest. The court has considered the City's arguments and REJECTS them for the following reasons.

The City's reliance on <u>Leaf v City of San Mateo</u>, 150 Cal App 3d 1184, 1192 [1984], disapproved on other grounds in <u>Trope v Katz</u>, 11 Cal 4th 274 [1995], to argue against an award of pre-judgment interest is misplaced. <u>Leaf</u> offers no support for not awarding pre-judgment interest. <u>Leaf</u> was an action in inverse condemnation to recover for subsidence damage caused by a sewer project constructed by the defendant city. Injury to the property arose in 1976, but the trial did not occur until 1981, by which time the fair market value of the property in its undamaged condition had appreciated substantially. <u>Leaf</u> at 1190-91. The jury was correctly instructed to fix damages at the time of trial, but the trial court awarded pre-judgment interest from 1976. Hence, the award of pre-judgment interest was reversed, the court holding that "prejudgment interest should be fixed on the net judgment from the valuation or trial date." <u>Leaf</u> at 1192.

<u>Leaf</u> simply stands for the proposition that to use the date of injury for the calculation of pre-judgment interest would have given the plaintiff the benefit of interest on the appreciated damages during the time that appreciation was occurring. That is

2

not what Yamagiwa seeks here.  The court's determination of damages reflects the appreciation in the fair market value of her property in its undamaged condition from March 2000 to October 2006 (the October 2006 valuation being a proxy for the trial date valuation). Pre-judgment interest here runs only from the trial date in June 2007 until entry of judgment.  The problem in <u>Leaf</u> does not apply.

Interestingly, the City's contention that the property should be valued as of March 2000, when the City Council voted to deny Yamagiwa's coastal development permit, and that any award of pre-judgment interest should be calculated from that date would not only deprive Yamagiwa of the appreciation in the value of the property taken, but also reveals an anomaly in the City's factual position.  The court valued the property as of the trial date, as permitted under California law.  <u>Pierpont Inn, Inc v State of California</u>, 70 Cal 2d 282, 297-298 [1969].  The latter valuation date is appropriate because the property appreciated at a rate greater than the pre-judgment interest rate.  According to the City's calculations and using the City's March 2000 damages valuation of $12,030,000, applying the statutory interest rate until October 1, 2006 would yield approximately $15,340,999 in total damages.  The lower of the City's estimates of the October 2006 value of the property in its undamaged condition is $26,620,000.  Using the March 2000 valuation and applying pre-judgment interest would deny Yamagiwa of over $11 million in appreciation to which the law entitles her.  Furthermore, the rate of appreciation Yamagiwa seeks and the court awards (9.62 percent) is less than the rate of appreciation implicit in the damage estimates of the City's own expert (12.49 percent).

3

These issues aside, the court is not unmindful of the impact of these proceedings on the City. Interest alone on a judgment in the amount calculated by the court runs at well over $5,000 a day. Even the lower valuation of the damage to the property offered by the City's expert – a valuation the court found unwarranted – amounts to almost $27 million. It is regrettable that the City has been unable to find solutions to the problems created by the TAAD project.

The clerk is directed to enter judgment forthwith.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge